UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **HAROLD ROSBOTTOM, JR.** | **CIVIL ACTION NO. 15-758** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **GERALD SCHIFF AND LESLIE FOX** | **MAGISTRATE JUDGE HORNSBY** |

## ORDER

Before the Court is a Motion To Vacate Judgment on Writ of Habeas Corpus. for Rehearing Pursuant to Federal Rule of Bankruptcy Procedure 8022, filed by the Appellee Gerald H. Schiff ("Schiff"). Record Document 20. For the reasons provided below, the Court **DENIES** Schiff's motion.

This matter comes to the Court on appeal from the United States Bankruptcy Court for the Western District of Louisiana. Appellant Harold Rosbottom Jr. ("Rosbottom") sought a reversal of the bankruptcy court's decision that a condominium held in trust is actually part of Rosbottom's bankruptcy estate. The Court, in a Memorandum Ruling issued on June 28, 2016, reversed the bankruptcy court, finding that the trust at issue was validly formed under Louisiana law. Record Document 19. Specifically, the Court held that even though Rosbottom and his wife at the time, Leslie Fox ("Fox"), executed donations of their respective community shares in a residence ("The Railsback Property") on separate documents, the donations did not violate Louisiana community property law because they were part of a single transaction in which both spouses donated the entire residence,


precluding a third party from ever becoming part of the community. Record Document 19, pp. 12-14. In its motion before the Court, Schiff argues that the Court erred in this finding and should consequently grant a motion for rehearing under Bankruptcy Rule 8022.

According to at least one district court:

> Rule 8022 does not state a standard by which a court determines whether a rehearing is warranted. Furthermore, the Court is not aware of any Fifth Circuit guidance on the issue. The . . . standard is simply whether the Court would have reached a different result had it been aware of its mistaken use of facts or law.

In re Coleman, No. ADV 14-1046, 2015 WL 7101129, at *1 (E.D. La. Nov. 13, 2015) (citing In re Hessco Indus., Inc., 295 B.R. 372, 375 (9th Cir. 2003); 2 Bankruptcy Litigation § 9:94 (2015)). Even under this relatively permissive standard, however, the Court finds no reason to rehear this appeal. Schiff argues that the Court's ruling "is in direct contravention to Louisiana law and if allowed to stand would allow spouses to derogate from Louisiana's matrimonial regimes law out of want." Record Document 20, p. 5. Schiff, however, does not persuasively explain *why* the Court's holding will bring about the legal pandemonium that it describes. He argues that by interpreting the two donations of the Railsback Property as a single transaction, the Court "effectively changed the character of the Railsback Property from community property to co-owned property at the time of the Rosbottom Donation." Record Document 20, p. 8. The Court cannot agree. As the Court explained in its Memorandum Ruling, construing the two donations as being part of a single transaction meant that the donations did not violate article 2337 of the Louisiana Civil Code's prohibition against the alienation of an undivided share of community property to

a third party because at no point did a third party own a share of community property, i.e., before the transaction the entire Railsback Property was community property, and after the transaction the entire Railsback Property was co-owned by third parties in trusts. The Court's holding did not "effectively change[] the character of the Railsback Property from community property to co-owned property at the time of the Rosbottom Donation." The Court therefore set no precedent that would allow a spouse to alienate his share of community property to a third party, in violation of Article 2337. Consequently, the Court denies Schiff's motion for rehearing.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 1st day of September, 2016.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE